**SO ORDERED.**

**SIGNED this 13 day of March, 2006.**



_____
LARRY E. KELLY
UNITED STATES CHIEF BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FRANCES R. ENGRAM, | § | CASE NO. 01-60440-LEK |
|     Debtor. | § | CHAPTER 13 |
| | § | |

**ORDER DENYING DEBTOR'S APPLICATION FOR PAYMENT
OF DIVIDEND FROM UNCLAIMED FUNDS**

     Before the Court is the Debtor's Application for Payment of Dividend from Unclaimed Funds filed on December 8, 2005 (Doc. #24). In this application, the Debtor states that she paid money through her confirmed chapter 13 plan on a claim owed to Citadel of Dallas secured by a 1994 Dodge Shadow, with $3875 being the secured portion of the claim and paid at 17.94% and $1490 being the unsecured portion. The Debtor made all the required plan payments and received a discharge. At some point, Citadel transferred its claim to Sovereign Bank and forwarded all checks received from the Trustee to Sovereign. However, these checks and all checks sent later directly to Sovereign by the Chapter 13 Trustee, Ray Hendren, were returned uncashed. Thereafter, the Trustee paid $3932.93 and $890.10 into the registry of the Court. By this application, the Debtor now seeks this money.

1

The Debtor says her attorney filed a proof of claim for Citadel of Dallas, the lender on the Dodge Shadow. The record of the case shows that on October 31, 2001, an Order Confirming the Plan and Valuing Claims to be Paid was entered, and this order reflects two claims to be paid to Citadel, one for $3875 secured and one for $1490.73 unsecured. In May 2002, the Trustee filed an objection to the claim of Citadel, stating that he had received a letter from Citadel informing him of the transfer of the claim to a new servicer, Sovereign Automotive Finance Group. That letter also stated that Citadel had been sending the payments it received from the Trustee to Sovereign, but that Sovereign had been returning the payments to Citadel. The Trustee's objection informed Sovereign of need to file a transfer of claim. The objection was served on both Citadel and Sovereign. The Trustee reached an agreement with the Debtor's attorney on the objection to the Citadel claim, and that agreement provided that all future disbursements on the unpaid portion of the Citadel claim would go to Sovereign. Sovereign never filed a proof of claim and, apparently, continued to return payments sent it by the Trustee. The Trustee filed two notices to pay unclaimed funds into the registry of the court for a total of $4823.03, all being funds paid on the Dodge Shadow claim but not accepted by either Citadel or Sovereign. In August 2005, the Locator Service Group filed an application for the money, stating that it held a power of attorney for Sovereign to collect the funds. The Debtor's attorney responded in writing that Sovereign had refused the money in the past and that the money should go to the Debtor, or, if the money was determined to go to Sovereign, then Sovereign must release the title to the Dodge Shadow. After a hearing held on October 4, 2005, for unstated reasons, the Locator Services Group withdrew its application for the money.

Pursuant to the order confirming the Debtor's plan, all disposable income of the Debtor was submitted to the Trustee to be paid to creditors. Additionally, all secured creditors would retain their liens until paid. The order also provided that, pursuant to 11 U.S.C. § 347, a creditor's claim that was allowed could be disallowed for the creditor's failure to maintain a current address with the Clerk or for failure to negotiate checks paid by the Trustee within the time limit stated on the check. If such a situation occurred, funds previously allocated by the plan to any such disallowed claims would be paid to other allowed claims. The Court does not know why the money refused by Sovereign was not allocated to other creditors. In any event, by depositing the $4823.03 into the court registry, the Trustee complied with section 347, which

provides that, after the final distribution in a chapter 13 case, "any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28 [28 U.S.C. § 2041]." The money deposited into the court registry belongs to the creditor and not the Debtor. It shall remain in the court registry until such time as the creditor may file a petition to obtain the money, and if no such action occurs, after five years, the money will escheat to the Treasury. See 28 U.S.C. § 2042.

It is therefore ORDERED that the Debtor's Application for Payment of Dividend from Unclaimed Funds is denied.

It is so ORDERED that the Clerk of the Court serve a copy of this order on the Debtor and Debtor's attorney and the Chapter 13 Trustee.

# # #